## WILLIAM A. BOND *vs.* STATE OF MARYLAND.

*Criminal law—Sentence to House of Correction—Title of Act.*

Section 310 of Article 27 of the Code, providing for imprisonment in the House of Correction when, under existing law, the convicted person is liable to be sentenced to imprisonment, either in jail or penitentiary, for a period not less than two months, and not exceeding one year, does not conflict with section 313 of the same Article, which provides for imprisonment in the same place in a class of misdemeanors which are punishable only by imprisonment in jail, or by both fine and imprisonment therein without limitation as to the length of imprisonment, and a person convicted of assault and battery, a misdemeanor, for which no statute other than section 313 itself, prescribes a penalty, may be sentenced under said section to imprisonment in the House of Correction for eighteen months.

The Act of 1874, ch. 233, entitled "An Act to establish the Maryland House of Correction," is not in violation of section 29 of Article 3 of the Constitution, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

APPEAL AS UPON WRIT OF ERROR, from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, and BOYD, J.

*D. N. Henning,* for the appellant.

*John Prentiss Poe, Attorney-General,* (with whom was *Charles E. Fink, State's Attorney for Carroll County,* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

The plaintiff in error was convicted in the Circuit Court for Carroll County of an assault and battery. Judgment was duly entered, and he was sentenced to the House of Correction for eighteen months. The case is here on writ of error, and it is contended on his behalf: First, that having been sentenced under either section 310 or section 313 of Article 27 of the Code, the sentence is illegal and void, because these sections are repugnant and totally inconsistent, and cannot therefore be enforced; and, second, that the Act by which these sections were enacted by the Legislature is in violation of section 29 of Article 3 of the Constitution of Maryland, which provides that every law enacted by the General Assembly shall embrace but one subject, which shall be described in its title.

We discover no conflict whatever between these two sections. Section 310 provides that Courts may sentence to imprisonment in the House of Correction, when, under existing law of the State, the convicted person is liable to be sentenced to imprisonment either in jail or penitentiary, for a period not less than two months and not exceeding one year; while section 313 provides for imprisonment in the House of Correction in a class of misdemeanors which, under the laws of this State, are punishable only by imprisonment in jail, or by both fine and imprisonment therein—the period of such imprisonment not being by existing law limited. Of course, therefore, when the time of imprisonment is limited under existing law to not less than two months nor more than one

Bond *vs.* State.

year, the Court may, under section 310, sentence to the House of Correction for the time provided by such existing law; but when the time is not limited by the law of this State, but such law does provide punishment by imprisonment in jail or by fine and imprisonment in jail, the Court may, under section 313, sentence to the House of Correction for a period not less than two months. In this case the plaintiff in error was convicted of assault and there being no existing law (except the common law) which prescribes any penalty for assault except section 313 itself, and there being no law restricting the punishment for assault to imprisonment for a period not less than two months and not exceeding one year, he was properly sentenced to imprisonment in the House of Correction for eighteen months under section 313, unless there be some force in the other objection, namely, that the title of the Act of 1874, chapter 233, by which the House of Correction was established, does not comply with the requirements of section 27 of Article 3 of the Constitution.

The title is, "An Act to Establish the Maryland House of Correction." Now, unless we are to hold that it must set forth all the details contained in the many sections of the Act, the title would seem to be sufficiently comprehensive under the liberal construction we have so often given this section of the Constitution. But in addition to this, these sections, as they now stand, were adopted and confirmed by the Act of the Legislature adopting the Code.

*Rulings affirmed.*

(Decided 23rd January, 1894.)