# THE POSTAL TELEGRAPH CABLE COMPANY

## *vs.*

# THE COUNTY COMMISSIONERS OF HARFORD COUNTY.

*Telegraph lines: post roads under Act of Congress; State sovereignty. Taxation: corporations; gross receipts—; not property tax; poles, wires and easements of telegraph companies. Tax assessments: appeals; functions of Court of Appeals. State Tax Commission: proceedings before—; preparation of record.*

While under the Act of Congress, approved July 24, 1866, telegraph companies may use the post roads of the county, the Act was not intended to interfere with State sovereignty.   p. 97

The gross receipts taxes imposed on corporations by section 167 of Article 81 of the Code are not taxes upon property.

p. 103

The fact that a telegraph company is taxed upon its gross receipts does not render unconstitutional a tax upon its poles, wires, etc., and easements.                    p. 104

On appeals involving tax assessments, the Court of Appeals can not be required to sit as a board of review, to revise the amount of the valuation placed upon property by tax officials for purposes of taxation.                    p. 101

The Court of Appeals, in such cases, is confined to an examination of the legal principles upon which the assessing body acted, and if there be found no error of law applied by it to the injury of the complaining taxpayers, it is without power to disturb the assessment.                    pp. 101-102

On an appeal in such a case, it is not the duty of the State Tax Commission, any more than it is the duty of a court of record, to cause to be prepared and filed, as part of its record, a copy of the evidence taken at the hearing.        pp. 102-103

*Decided June 27th, 1917.*

Appeal from the Circuit Court for Harford County. (HARLAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER and CONSTABLE.

*H. Ralph Cover* (with whom was *H. Webster Smith* on the brief), for the appellant.

*Walter W. Preston,* for the appellee.

BURKE, J., delivered the opinion of the Court.

The Postal Telegraph Cable Company, the appellant, is a corporation organized under the laws of Delaware. It accepted the advantages and obligations of the Act of Congress, approved July 24, 1866,* entitled "An Act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal, military and other purposes." It has been held that whilst the companies accepting the provisions of that Act may use the post-roads of the country, the Act was not intended to interfere with State sovereignty under the Constitution. In *Pensacola Tel. Co. v. Western Union Telegraph Company,* 96 U. S. 1, the Court said that the grant under this Act "Evidently extends to the public domain, the military and post-roads, and the navigable waters of the United States. These are all within

---

*14 Stat. at L. 221. R. S. sec. 5263, *et seq.*

the dominion of the National Government to the extent of the national powers, and are, therefore, subject to the legitimate congressional regulation. No question arises as to the authority of Congress to provide for the appropriation of private property to the uses of the telegraph, for no such attempt has been made. The use of public property alone is granted. If private property is required, it must, so far as the present legislation is concerned, be obtained by private arrangement with its owner. No compulsory proceedings are authorized. State sovereignty under the Constitution is not interfered with. Only national privileges are granted."

The appellant in this case owned certain property located in Harford County, Maryland. This property was assessed for purposes of taxation for the year 1916 to the amount of $20,690. The property consisted of poles, erected in the public highways of the county, and copper and iron wires strung upon the poles. It applied to the County Commissioners for Harford County for an abatement of the assessment which the Commissioners refused to grant. It, thereupon, appealed to the State Tax Commission to reduce the assessment and a hearing of the subject-matter of the appeal was had before that body, which on October 20, 1916, reversed the assessment of the property of the appellant located in Harford County, and assessed the same as follows for the year 1916, and ordered and directed the County Commissioners of Harford County to enter on the assessment books of Harford County for the purpose of taxation for the year 1916:

"First District.

Telegraph line commencing at Little Falls, Baltimore County line, to Buck to Cresswell, to Third District line, 9 miles, 30 feet pole line, 40 poles to the mile, and cross-arm and easements.

| | |
|---|---|
| 360 poles at $7.80................... | $2,808.00 |
| 9 miles of copper wire at $20.00..... | 180.00 |
| 99 miles of iron wire at $10.00....... | 990.00 |

$3,978.00

### Third District.

Telegraph line from First District line at Cress-
well via Schuck's Corner to Priestford Bridge at Deer
Creek, Fifth District line, 10 miles, 30 feet pole line,
40 poles to the mile and cross-arms and easements.

| | |
|---|---|
| 400 poles at $7.80.................... | $3,120.00 |
| 10 miles of copper wire at $20....... | 200.00 |
| 120 miles of iron wire at $10.......... | 1,200.00 |
| | $4,520.00 |

### Fourth District.

Sixteen miles, 30 feet pole line, 40 poles to the mile
and cross-arms and easements.

| | |
|---|---|
| 640 poles at $7.80.................... | $4,992.00 |
| 256 miles of copper wire at $20........ | 5,120.00 |
| 32 miles of iron wire at $10.......... | 320.00 |
| | $10,432.00 |

### Fifth District.

Two lines: 1 line from Pennsylvania line near Con-
stitution to Fourth District line.   No. 2 line from
Priestford Bridge on Deer Creek via Darlington and
Berkley to Susquehanna River at Conowingo, 15 miles,
30 feet pole line, 40 poles to the mile and cross-arms
and easements.

| | |
|---|---|
| 600 poles at $7.80.................... | $4,680.00 |
| 75 miles of copper wire at $20........ | 1,500.00 |
| 118 miles of iron wire at $10.......... | 1,180.00 |
| | $7,360.00." |

The total valuation placed upon the property by the State
Tax Commission was $26,290.00.   It therefore appears from
this order of the State Tax Commission that the assessment
was increased $5,600.00.   The appellant appealed from this
order to the Circuit Court for Harford County, and that
Court, on the 27th of December, 1916, dismissed the appeal,

with costs. From that order the appeal in this case was taken.

The *Act of* 1914, *Chapter* 841—being the Act by which the State Tax Commission was created—allows an "appeal to Court on all questions of law only from decisions of the State Tax Commission to the court of that county, where the property is situated, if real estate or tangible personal property, etc.," and *Section* 244 provides that: "All appeals from any action of the State Tax Commission to Court, as authorized by section 238 hereof, shall be taken within thirty days of such action by petition setting forth the question or questions of law which it is desired by the appellant to review." All appeals in Baltimore City must be to the Baltimore City Court, and a further right of appeal to this Court is given from any decision of the Baltimore City Court or of the Circuit Courts of the several counties. Such appeals are required to be taken within ten days from the final judgment or determination of the lower court.

In its petition for appeal, the appellant, as required by the Act, set out as follows the questions of law which it desired the Circuit Court for Harford County to review:

"First—That the said State Tax Commission of Maryland was without jurisdiction to increase the assessment levied by the County Commissioners of Harford County in the proceedings which were then pending before it.

"Second—The admissibility in evidence, as proof of the value of your petitioner's easements of testimony that the Bankers and Traders Telegraph Company had paid $3.00 per pole for their right of way twenty years ago.

"Third—The arbitrary method pursued by the State Tax Commission of Maryland in valuing the alleged easements of your petitioner at $6,000.00, no legally sufficient evidence having been produced at said hearing that your petitioner was the owner of easements in Harford County, and no legally sufficient evidence

having been produced at said hearing as to the value
of such alleged easements.

"Fourth—The manner and form of said order or
action of the State Tax Commission of Maryland,
dated October 20th, 1916, reversing the assessments
of the County Commissioners of Harford County, and
reassessing said property at an increased valuation.

"Fifth—The method of computing deterioration in
value of the property involved in said appeal.

"Sixth—The valuation of the easements of your pe-
titioner for purposes of taxation, which said easements
have been and are now taxed under the provisions of
Article 81, section 167 to 186, inclusive, of the Anno-
tated Code of the Public General Laws of Maryland
(Bagby).

"Seventh—That the State Tax Commission of Mary-
land is in error in this case in its construction, inter-
pretation and application of the laws of Maryland re-
lating to the assessment and taxation of the easements
of your petitioner; and contrary to said law said Com-
mission ruled that the law permitted, directed and au-
thorized the consideration and valuation of the ease-
ments of your petitioner in arriving at the proper
assessment .of said property for purpose of State and
County taxation; and

"Eighth—The method of conserving the record of
the proceedings at the hearing of this appeal before
the State Tax Commission of Maryland, and such
other questions of law involved in this appeal as may
be raised at the hearing thereof."

· It was held in *Baltimore* v. *Bonaparte,* 93 Md. 159, that
this Court can not be required or allowed to sit as a board of
review to revise the amount of the valuation placed by tax
officials upon property for purposes of taxation. *Consoli-
dated Gas Company* v. *Baltimore City,* 101 Md. 542. It is
confined to an examination of the legal principles upon which
the assessing body acted, and if there be found no error of
law applied by it to the injury of the complaining taxpayer,

this Court is without power to disturb the assessment. *Consolidated Gas Company* v. *Baltimore City,* 105 Md. 43.

In this case no testimony was taken in the lower Court, and the evidence taken before the State Tax Commission was not preserved, and, therefore, we have very little information as to what legal questions were raised and decided by that board. As stated in the opinion of JUDGE HARLAN, who decided the case in the lower Court: "The record sent up contained the docket entries, the petition of the taxpayer upon which the matter was brought upon appeal from the County Commissioners, together with certain exhibits, the answer and motion to dismiss of the County Commissioners, together with a copy of the assessment as it stood on the county's books, the order of the Commission complained of here, and the appellant's petition to have the record sent to this Court."

As to the first and fourth reasons assigned in the petition for appeal, viz, that the State Tax Commission was without jurisdiction to increase the assessment, little need be said. This was not pressed either in the Court below, or in this Court, and in view of the broad powers as to assessment conferred upon the State Tax Commission by the Act of 1914, Chapter 841, as construed by this Court in *Leser et al.* v. *Lowenstein,* 129 Md. 244, these objections can not be sustained. There is no evidence to support the second, third, and fifth reasons assigned. The ground of complaint in the eighth paragraph of the petition relates merely to alleged irregularities or omissions of the State Tax Commission in methods of procedure, etc. None of the things complained of affected the jurisdiction of the Commission to hear and decide the case, and there was no obligation upon the Commission to have taken and preserved the evidence taken at the hearing. If the appellant thought this desirable, it was at liberty to have had a stenographic copy of the evidence taken. It was certainly not the duty of the State Tax Commission, any more than it is the duty of a Court of Record,

POSTAL TEL. CABLE CO. vs. HARFORD CO. 103

Md.]                    Opinion of the Court.

to cause to be prepared and filed as a part of its records, a copy of the evidence taken upon the hearing. The Act does not require this.

The record shows that in placing a valuation upon the appellant's poles and cross-arms, the State Tax Commission took into consideration and assessed its easements in the public highways. This action of the Commission is assigned as error of law in the remaining paragraphs of the petition, viz, the sixth and seventh. The appellant is one of the class of corporations upon which a gross receipts tax is imposed by this State. It paid this tax for the year 1916, and it is argued that this tax, imposed by section 167, Article 81 of the Code, is a tax in "lieu of and in substitution for any other tax that might be levied on its intangible property, whether it be termed franchise or easement," and that the assessment of its easements in the public highways of Harford County by the State Tax Commission is a second assessment for purposes of taxation of the same value, and is void, because it is double taxation and prohibited by the Bill of Rights of this State. We do not agree with this contention. It would introduce a principle into the general law of taxation of this State that might, and probably would, result in serious injury to the public. It is settled in this State that gross receipts taxes imposed by the section of the Code mentioned are not taxes imposed upon the property of the corporation. *State v. Phila., Wil. & Balto. R. R. Co.*, 45 Md. 361. These taxes have been repeatedly defined and sustained as constitutional both by this Court and the Supreme Court of the United States. *Cumb. & Pa. R. R. Co. v. State*, 92 Md. 668; *State v. U. S. Fidelity Co.*, 93 Md. 314; *State v. Central Trust Co.*, 106 Md. 268.

It was held in *State v. United States Fidelity Company*, *supra*, that the gross receipts tax is imposed only upon gross receipts from the business of the corporation done in this State, and not upon the gross receipts from its business done beyond this State. In *Ratterman v. Western Union*

*Telegraph Co.,* 127 U. S. 411—a corporation which had accepted the provisions, as this appellant did, of the Act of Congress of July 24, 1866—it was held "that so far as a tax was levied upon receipts properly appurtenant to interstate commerce, it was void; and that so far as it was only upon commerce wholly within the State, it was valid. The commerce here mentioned was telegraph business, and the receipts were receipts for telegraph messages. This case arose upon a certificate of division of the judges who presided at the trial, and in remanding the case the Court said: 'We answer the question in regard to which the judges of the Circuit Court divided in opinion, by saying that a single tax, assessed under the Revised Statutes of Ohio, upon the receipts of a telegraph company which were derived partly from interstate commerce and partly from commerce within the State, but which were returned and assessed in gross, and without separation or apportionment, is not wholly invalid, but is invalid only in proportion to the extent that such receipts were derived from interstate commerce'; and, concurring with the Circuit Judge in his action enjoining the collection of the taxes on that portion of the receipts derived from interstate commerce, and permitting the treasurer to collect the other tax upon property of the company and upon receipts derived from commerce entirely within the limits of the State, the decree was affirmed."

But if it were held that the gross receipts tax, as applied to this corporation, were invalid, as appears to be intimated in the brief of the appellant, that would not impair the validity of the assessment of these easements, which are taxable under the law of this State. *Consolidated Gas Company* v. *Balto.,* 101 Md., *supra.*

*Order affirmed, with costs.*