WILLIAM S. GORDY, COMPTROLLER, *v.* FRANK
PRINCE

[No. 65, October Term, 1938.]

*Decided December 1st, 1938.*

The cause was argued before BOND, C. J., URNER,
OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*William L. Henderson, Assistant Attorney General,*
with whom was *Herbert R. O'Conor, Attorney General,*
on the brief, for the appellant.

*Risque W. Plummer* and *Ernest K. Neumann,* with
whom were *John I. Rowe* and *Thomas E. Barrett, Jr.,*
on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee is Assistant Regional Manager of the

520

Home Owners' Loan Corporation, for Pennsylvania, Delaware, Maryland, Virginia and the District of Columbia. The office of the corporation for that region is located in Baltimore, and the appellee is a resident of Maryland. A state income tax levy upon his official salary of $5,366.56 is contested by the appellee upon the ground that the federal character of his employment exempts him from such a charge. Upon his appeal to the State Tax Commission, the action of the State Comptroller in making the levy was affirmed. But the ruling of the Commission was reversed when the case was further appealed to the Baltimore City Court. The Comptroller's appeal from its order has brought the case to this court for its consideration and decision.

In the case of *Pittman v. Home Owners' Loan Corporation, Ante,* p. 512, 2 A. 2nd 689, at the present term, we affirmed an adjudication by the Baltimore City Court that the Home Owners' Loan Corporation was immune, as an agency of the federal government, from liability to pay a tax, in addition to the legal service fee, upon the recordation of mortgages securing its loans. That conclusion was, in our judgment, required by the decision of the United States Supreme Court in the case of *Federal Land Bank v. Crosland,* 261 U. S. 374, 43 S. Ct. 385, 67 L. Ed. 703.

The present case also has an authoritative precedent in the decision rendered by the Supreme Court in *New York ex rel. Rogers v. Graves,* 299 U. S. 401, 57 S. Ct. 269, 81 L. Ed. 306. In that case the salary of the general counsel of the Panama Railroad Company, operated by the Federal Government, was held to be exempt from the New York state income tax. The railroad company was a New York corporation originally owned by private interests, but all of its stock was acquired by the Government of the United States, and its subsequent use of the railroad was auxiliary to the construction and operation of the Panama Canal. Having determined that the railroad company was a governmental agency, the Supreme Court, in an opinion by Mr. Justice Sutherland, disposed as follows of the ques-

tion as to the liability to a state income tax of the general counsel's salary:

"The power of the federal government to use a corporation as a means to carry into effect the substantive powers granted by the Constitution has never been doubted since *McCulloch v. Maryland,* 4 Wheat. 316, 4 L. Ed. 579. The Panama Railroad Company was acquired and has been utilized in virtue of that power. The railroad company being immune from state taxation, it necessarily results that fixed salaries and compensation paid to its officers and employees in their capacity as such are likewise immune.

"In *Dobbins v. Erie County,* 16 Pet. 435, 448, 449, 10 L. Ed. 1022, this court held that a state was without authority to tax the instruments, or compensation of persons, which the United States may use and employ as necessary and proper means to execute its sovereign power. The rule is well established; and the reasons upon which it is based and the authorities sustaining it have been so recently reviewed by this Court, *Indian Motocycle Co. v. United States,* 283 U. S. 570, 575, 51 S. Ct. 601, 75 L. Ed. 1277, *et seq.,* that further discussion is unnecessary."

Upon the authority of that case the Court of Appeals of New York recently decided that the state income tax was not chargeable against the salary of a regularly retained attorney of the Home Owners' Loan Corporation. *People of New York ex rel. O'Keefe v. Graves,* 278 N. Y. 691, 16 N. E. 2nd 404.

In *New York ex rel. Rogers v. Graves, supra,* the Panama Railroad Company and the salaries of its officers and employees were held to be immune from state taxation because of the national purpose for which the company was acquired and used by the Federal Government. The Act of Congress (Act June 13, 1933, 48 Stat. 128, sec. 1 *et seq.,* 12 U. S. Code Ann. sec. 1461 *et seq.*). providing for the creation of the Home Owners' Loan Corporation, declared it to be "an instrumentality of the United States." The defined object of its existence and

522

action was to afford emergency relief from conditions which were believed to have been sufficiently serious and general to require federal legislation to mitigate their effects. All of the corporation's stock is held, and its bonds are guaranteed, by the United States, and its directors are appointed by the President by and with the advice and consent of the Senate. Its funds are deposited in a Federal Reserve Bank for credit to the Treasurer of the United States, in a special account, and the appellee's salary is paid by checks drawn on that officer by the treasurer of the corporation. In origin, control, functions and statutory designation, the corporation is distinctively a federal instrumentality, and is empowered to serve an emergency purpose considered by Congress to be within the constitutional limits of its governmental authority. As to that federal agency, and the salary of its assistant regional director, we think the principle of the decision in *New York ex rel. Rogers v. Graves, supra,* prevents a denial of the claim of state tax immunity involved in this case.

*Order affirmed.*

PARKE and SLOAN, JJ., dissent.