FOLEY AND FOLEY *v.* COMPTROLLER
OF THE TREASURY

[No. 30, September Term, 1970.]

*Decided October 20, 1970.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

H. Thomas Foley in proper person, with whom was
Mary V. Foley, in proper person, on the brief.

*Jon F. Oster, Assistant Attorney General,* with whom
was *Francis B. Burch, Attorney General,* on the brief, for
appellee.

FINAN, J., delivered the opinion of the Court.

The appellants, as income taxpayers for the year 1967, claim a partial refund from the appellee (Comptroller of the Treasury) for taxes paid, on the premise that the progressive rate of the Maryland income tax provided by Code (1969 Repl. Vol.), Art. 81, § 288(a), violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. The lower court affirmed the holding of the Maryland Tax Court which had found no merit to the appellants' challenge. This Court, likewise, finding no validity to the appellants' contentions affirms the lower court.

The appellants advance the novel theory that by analogy the "one man—one vote" doctrine, promulgated by the United States Supreme Court in the state legislature reapportionment cases of *Baker v. Carr*, 369 U. S. 186, 82 S. Ct. 691 (1962), and *Reynolds v. Sims*, 377 U. S. 533, 84 S. Ct. 1362 (1964), should be extended to embrace not only the principle of "one man—one vote," but also one tax rate.

The Statute in question provides:

> "There is hereby levied and imposed for each calendar year beginning after December 31, 1966, a tax on the taxable net income, as defined in § 280 (a) of every resident individual of this State and on the taxable net income, taxable in this State, of every individual not a resident of this State. Such tax shall be at the following rates: two percent (2%) on the first $1,000.00 of taxable income, three percent (3%) on the second $1,000.00 of taxable income, four percent (4%) on the third $1,000.00 of taxable income, and five percent (5%) of all taxable income in excess of $3,000.00" Maryland Code (1969 Repl. Vol.), Art. 81, § 288(a).

The graduation of rates from two percent (2%) to five (5%) is the alleged inequity about which the appellants

complain, stating: "This variation in tax rate in of itself represents an inequality in that each taxpayer is not taxed in a similar manner. * * *."

The appellants also emphasize that this is the first time that this issue has been presented to this Court and that the precedents upon which the State relies are all decisions prior to the "one man—one vote" decision of *Baker v. Carr, supra.* We might be disturbed by this argument if we thought there was much dispute over the validity of a graduated income tax when measured against the Fourteenth Amendment, or that *Baker v. Carr* presented any true analogy. Actually, the constitutionality of a graduated income tax, insofar as the Fourteenth Amendment is concerned, is now universally accepted as hornbook law and we fail to find where the principle of *Baker v. Carr* has any application to the instant case under any rationale.

The validity of a progressive or graduated income tax, measured against the equal protection clause of the Fourteenth Amendment, was challenged and upheld as early as 1900 in the case of *Knowlton v. Moore,* 178 U. S. 41, 20 S. Ct. 747 (1900), in which the War Revenue Act of June 1898 was the subject of attack. In upholding the Act, Mr. Justice White said for the Supreme Court:

> "The review which we have made exhibits the fact that taxes imposed with reference to the ability of the person upon whom the burden is placed to bear the same have been levied from the foundation of the government. So, also, some authoritative thinkers, and a number of economic writers, contend that a progressive tax is more just and equal than a proportional one. In the absence of constitutional limitation, the question whether it is or is not is legislative and not judicial. The grave consequences which it is asserted must arise in the future if the right to levy a progressive tax be recognized involves in its ultimate aspect the mere assertion that free

and representative government is a failure, and that the grossest abuses of power are foreshadowed unless the courts usurp a purely legislative function. If a case should ever arise, where an arbitrary and confiscatory exaction is imposed bearing the guise of a progressive or any other form of tax, it will be time enough to consider whether the judicial power can afford a remedy by applying inherent and fundamental principles for the protection of the individual, even though there be no express authority in the Constitution to do so. That the law which we have construed affords no ground for the contention that the tax imposed is arbitrary and confiscatory, is obvious." 178 U. S. at 109-110.

In the case of *Oursler v. Tawes,* 178 Md. 471, 13 A. 2d 763 (1940), this Court had before it the question of the validity of certain aspects of the Maryland Income Tax Law of 1939, Ch. 277, § 12 of the Acts of 1939. There was no issue regarding a graduated income tax, as there was none at that time; however, several other challenges to the constitutionality of the law were made. One involved the difference in the net income tax on resident individuals of this State and on the net income taxable in this State of individual non-residents. There were also issues concerning whether the Act required a taxpayer having an investment income to actually pay a tax in part on gross income. The issues in that case are not of moment now, but what is pertinent is the following language of this Court regarding the right of the Legislature to establish reasonable classifications for the purpose of taxation:

"To whatever classification the species of income tax may belong, it is controlled by the basic principles which govern either excise or property taxation. The first of these is that, independently of constitutional provisions, and subject only to the limitations placed upon it by the

Federal Constitution, the power of taxation is inherent in a sovereign state, because the right to tax underlies its own Constitution, and is not granted by it. Stated differently, the right may be regulated and limited by constitutional mandates, but it exists without express authority in the fundamental law as a necessary attribute of sovereignty.

\* \* \*

"First of all, it may be observed that the Federal Constitution has not undertaken to lay down any hard and fast rule with respect to due process of law, the equal protection of the laws, or as to privileges and immunities; and as tersely summarized in *Board of Commnrs. etc. v. Johnson County,* 173 Ind. 76, 89 N. E. 590, 593; '\* \* \* Nor does the equal protection clause prevent the states from adjusting their systems of taxation in all proper and reasonable ways. \* \* \* If all persons who are in like circumstances, or affected alike, are treated under the laws the same, there is no deprivation of equal protection of the law. \* \* \* The classification itself must be based upon natural reasons, upon reasons which naturally inhere in the subject matter, upon real difference existing between the classes, and so as to produce no distinction between members of the same class.' " 178 Md. at 482-483.

A case containing language of similar import to that found in *Oursler* is *Blaustein v. Tax Commn.,* 176 Md. 423, 428, 4 A. 2d 861 (1939), wherein the United States Supreme Court opinion in *Royster Guano Co. v. Virginia,* 253 U. S. 412, 40 S. Ct. 560 (1920), is quoted at length, as authority for the proposition that the Fourteenth Amendment does not prevent the states from resorting to reasonable classification for the purpose of taxation. See also *Breshaber v. Union P. R. Co.,* 240 U. S. 1, 36 S. Ct. 236 (1916).

A case giving strong support to the validity of a pro-

gressive income tax enacted by a state is that of *Welch v. Henry*, 305 U. S. 134, 59 S. Ct. 121 (1938). At issue was the constitutionality of the income tax law of the State of Wisconsin, which included a retroactive graduated tax on corporate dividends. The United States Supreme Court speaking through Mr. Justice Stone stated:

> "* * * It is a commonplace that the equal protection clause does not require a State to maintain rigid rules of equal taxation, to resort to close distinctions, or to maintain a precise scientific uniformity. Possible differences in tax burdens, not shown to be substantial, or which are based on discrimination not shown to be arbitrary or capricious, do not fall within the constitutional prohibition." 305 U. S. 134 at 145.

Interesting treatises which shed further light on the "Equal Protection Limits Upon Taxation" are *Commentaries on the Constitution of the United States,* by Chester James Antieau (Dennis & Co. Inc. Buffalo, N. Y. 1960), beginning at p. 107 and *Constitutional Uniformity and Equality in State Taxation,* by Wade J. Newhouse, Jr. (Michigan Legal Studies 1959), University of Michigan, Ann Arbor, beginning at p. 606. In this latter work the author cites numerous cases in note 22 p. 607 in support of the constitutionality of a graduated income tax, including *Shaffer v. Carter,* 252 U. S. 37, 40 S. Ct. 221 (1920), and *Magoun v. Ill. Trust & Savings Bank,* 170 U. S. 283, 18 S. Ct. 594 (1898).

The gist of the reasoning of the cases and authorities is that the imposition of a graduated income tax does not *per se* constitute arbitrary or discriminatory classification of taxpayers. In fact, as was stated by the Court in *Knowlton,* "* * * a number of economic writers, contend that a progressive tax is more just and equal than a proportional one. * * *." The question of the means of taxation to be employed is a legislative function and, as long as that means is not discriminatory or arbitrary in its classifications of taxpayers, the courts may not reject it.

We conclude that the legality of a graduated or progressive income tax, such as we have in this State, insofar as the equal protection clause of the Fourteenth Amendment of the United States Constitution is concerned, *requiescit in pace* and should not be disturbed.

*Judgment affirmed, appellants to pay costs.*