Dear Mr. Fish:
You have requested our opinion on certain legal issues relating to the funding of public libraries. On behalf of the Maryland Public Library Administrators, you asked whether State law allows the State or political subdivisions to:
1. Levy a special tax, with the resulting revenues dedicated to public libraries; or
2. Create a benefit assessment district to fund public library services.
It is our opinion that the State, as well as two counties and Baltimore City, have the authority to levy a special tax that could generate revenues dedicated to public libraries. The State could create special assessment districts to fund public library services by public general law. Counties with home rule and Baltimore City have the power to create such districts. In counties without home rule, the State could create such districts by public local law.
 I Authority to Levy Special Tax
A. Authority of State
The power to tax is an inherent power of the State, subject to the limitations of the State and federal Constitutions. Ouslerv. Tawes, 178 Md. 471, 482, 13 A.2d 763 (1940); Weaver v.Prince George's County, 281 Md. 349, 356, 379 A.2d 399 (1977). One of these limitations is that "no aid, tax, burthen or fees ought to be rated or levied, under any pretense, without the consent of the Legislature." Maryland Constitution, Declaration of Rights, Article 14.
If it chose to do so, the General Assembly could exercise the State's inherent power to tax and could levy a special tax, with the resulting revenues dedicated to public libraries.[1]
B. Authority of Counties and Baltimore City
In addition to directly levying taxes, the General Assembly may delegate the power to levy taxes to local authorities. Mayor andCity Council of Baltimore v. State, 15 Md. 376, 467-68 (1860);Eastern Diversified Properties, Inc. v. Montgomery County,319 Md. 45, 49, 570 A.2d 850 (1990); Griffin v. Anne ArundelCounty, 25 Md. App. 115, 126, 333 A.2d 612 (1975). In this regard, the State has delegated to all counties and Baltimore City the power to levy a property tax. Annotated Code of Maryland, Tax Property Article, § 6-202. However, there is no general law that delegates to all counties, or even all the charter home rule counties, the State's general taxing power.Montgomery County Board of Realtors v. Montgomery County,287 Md. 101, 106-07, 411 A.2d 97 (1980); Eastern DiversifiedProperties, 319 Md. at 49-50. Instead, the General Assembly has generally enacted local laws authorizing particular counties to levy particular taxes.[2]
The General Assembly has enacted local laws conferring general taxing powers on Baltimore City, Baltimore County and Montgomery County. See Baltimore City Charter, Article II, § 40; Baltimore County Code, § 33-1, and Montgomery County Code, § 52-17. Exercising these powers, any of these three jurisdictions could levy a special tax, the revenue from which would be dedicated to public libraries. If the General Assembly chose to do so, it could enact similar authorizing statutes for other counties. In the case of counties having code home rule such a law would have to be a general law for all code counties of the same class.See Maryland Constitution, Article 11F, § 9; Annotated Code of Maryland, Article 25B, § 2.
 II Authority to Create Benefit Assessment Districts
A. Authority of State and Counties
In the exercise of its power of delegation, the General Assembly has enacted local laws for counties without home rule establishing special community benefit tax districts for various purposes. Williams v. Anne Arundel County, 334 Md. 109, 113-14,628 A.2d 74 (1994). Moreover, the General Assembly has enacted a general law, the Express Powers Act, which confers on the charter home rule counties the authority to establish special tax districts for various public purposes, including the support of libraries. Maryland Code, Article 25A, § 5(0). The counties that have code home rule also have this power. Article 25B, § 13. The levy which is made within such a district is a tax which need not be based on the value of property but can be based on the benefit received. Williams, 334 Md. at 115 n. 4, 117, 126. Although such special benefit assessments have been used to finance capital improvements, they may also be used to finance public services that are beneficial to property in an area. Williams,334 Md. at 118.
Accordingly, it is our opinion that in counties without home rule, the State could create benefit assessment districts for libraries. In the counties with home rule, the counties already have this power.
B. Authority of Baltimore City
Although Baltimore City has charter home rule status under Article 11A of the State Constitution, it does not derive any of its powers from the Express Powers Act for the charter counties.Cheeks v. Cedlair Corp., 287 Md. 595, 601, 607, 415 A.2d 255
(1980). Therefore, Article 25A, § 5(0) does not apply to Baltimore City. However, the express powers that have been enacted for Baltimore City and are codified in Article II of the City Charter authorize the City to establish six community benefits districts. Chapter 655, § 63, Laws of Maryland 1997. Although the authorization does not specifically refer to the support of libraries, it states that "other services and functions" may be provided if requested by a district management authority and approved by an ordinance of the Mayor and City Council. In our opinion, "other services and functions" could include support of libraries.
 III Conclusion
In summary, it is our opinion that the State could levy a special tax for the support of public libraries, and that two counties and Baltimore City already have the authority to do so. By a public general law, the State could create special assessment districts to fund public libraries. Counties with home rule already have such authority. Baltimore City may establish up to six benefit districts and authorize them to support public libraries. The State could enact public local laws creating such districts in counties without home rule.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Richard E. Israel Assistant Attorney General
_________________________ Robert N. McDonald Chief Counsel Opinions and Advice
[1] The expenditure of such funds would be subject to the appropriations process set forth in the Maryland Constitution.See Maryland Constitution, Article III, §§ 32, 52.
[2] If a subject is covered by the Express Powers Act for charter counties, Annotated Code of Maryland, Article 25A, § 5, the General Assembly may not enact a local law for a charter county on this subject. Maryland Constitution, Article 11A, § 4. Conversely, if a subject is not covered by the Express Powers Act, the General Assembly may enact a local law on that subject for a charter county just as it can enact a local law for a county without home rule.
 *Page 181