# THE STATE OF MARYLAND *vs.* THE UNITED STATES FIDELITY AND GUARANTY CO. OF BALTIMORE.

*Franchise Tax on Gross Receipts of a Guaranty Company Not Payable on Receipts from Business Without the State.*

Code Art. 81, sec. 146, imposes a franchise tax of two per cent upon the gross receipts of certain corporations, including guaranty and fidelity companies, incorporated by the State and doing business herein. *Held,* that a guaranty company, incorporated by this State, is liable for the tax only upon the gross receipts from its business in this State and not upon the gross receipts from its business beyond the State.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John Prentiss Poe* and *C. I. T. Gould*, (with whom was *Jas. E. Ingram* on the brief), for the appellant.

*Wm. Pinkney Whyte*, for the appellee.

BRISCOE, J., delivered the opinion of the Court:

This is a suit at law instituted by the State of Maryland against the United States Fidelity and Guaranty Company, of Baltimore City, a corporation of the State of Maryland, to recover a State franchise tax of two per cent of its gross receipts claimed to be due by the appellee to the appellant for the year 1898.

The record in the case presents but a single question and that involves a construction of section 146 of Art. 81 of the Code, as amended by the Act of 1896, chapter 120. This Act provides in substance that a State tax, as a franchise tax, of two *per centum*, is to be levied annually upon the gross receipts or earnings of every telegraph or cable, express or transportation, telephone, parlor-car, sleeping-car, safe deposit, trust, guarantee and fidelity company incorporated under any general or special law of the State and doing business herein. It also provides that all the provisions and requirements of the section shall be in force and apply to all corporations of a like kind to those enumerated herein which are doing business in the State, and which are incorporated by or under the laws of any other State, district, territory or foreign country. Every unincorporated association, partnership or individual engaged in any one or more of the above specially enumerated branches of business in this State except guano, phosphate and fertilizer companies shall be subject to the gross-receipt tax and shall comply with all the provisions of this article with reference thereto as fully as if such association, partnership or individual was a corporation.

At the trial of the case, the plaintiff reserved an exception to the granting of the defendant's prayer and also to the refusal of the Court below to grant its prayer. The proposition of law submitted on the part of the defendant by its prayer was that under Art. 81, sec. 146, of the Code, the State is only entitled to recover the tax of two per cent upon the gross receipts or earnings of the defendant for year ending January 31, 1898, on business done in the State. The converse of this proposition, that the State was entitled to recover two per cent upon the total gross receipts or earnings of the company upon its entire business, for the year ending January 31, 1898, was submitted on the part of the plaintiff but rejected by the Court.

The total gross receipts or earnings of the defendant company for the year 1898 were shown to amount to the sum of $153,160.10. The gross receipts or earnings derived from the business done by the company within the State amounted to $22,619.14.

There is no question raised as to the validity or constitutionality of the Act under which the tax here is imposed. The Supreme Court of the United States and this Court have in a number of decisions settled the question that a franchise tax on the gross receipts of a corporation is not an invalid exercise of the taxing power of the State ; it being a tax imposed on the corporation because of the value of its franchise, as distinguished from its ownership of property, *Pacific Express Co.* v. *Seibert*, 142 U. S. 339; *Western Union Telegraph Co.* v. *Alabama*, 132 U. S. 472; *U. S. Electric Power and Light Co.* v. *State*, 79 Md. 69; *State* v. *Northern Central Rwy. Co.*, 44 Md. 169; *State* v. *Balt. & Ohio R. R. Co.*, 48 Md. 49.

It will be thus seen that the only question presented in this case and the one we are called upon to decide is whether the franchise tax of two per cent is to be levied under the statute upon the total gross receipts or earnings of the defendant company, from its entire business or whether the tax is to be limited and imposed only against the gross receipts or

earnings of the business done by the company within the
State of Maryland, and not outside of the limits of the State.
It is well settled that in the construction of a statute the in-
tention of the Legislature is to prevail and when ascertained
it should be followed, although such a construction might
seem to be contrary to the letter of the statute. It is obvious
we think that a proper construction of the statute in this case
limits the franchise tax to the business done by the defendant
company within this State, and it was not the legislative intent
that it should have an extra territorial effect. This construc-
tion of the statute is approved by a number of cases constru-
ing similar Acts limiting the tax upon the gross receipts or
earnings of similar companies. In the case of *Pacific Express
Co.* v. *Seibert,* 142 U. S. 339, Mr. Justice Lamar, in con-
struing an Act of the Legislature of Missouri imposing a
tax upon the gross receipts of express companies doing busi-
ness in that State, said, that the statute confines the tax
which it creates to the *intra*-state business, and in no way re-
lates to the inter-state business of the company. In *W. U.
Telegraph Co.* v. *Alabama,* 132 U. S. 473, where a statute of
the State of Alabama imposed a tax "on the gross amount of
the receipts by any and every telegraph, telephone, electric
light and express company derived from the business done by
it in the State," the Act was so construed to apply to the re-
ceipts from the companies business done within the State.

The obvious answer then to the appellant's contention is
that the Legislature could not have intended by the Act now
before us to lay a tax upon the business of the company done
by it without the State, but its object and purpose was to
confine and limit the tax to its business done within the State.
This construction of the statute we think, is strengthened by
a reference to that part of the statute which provides that the
provisions of the Act shall apply to all corporations of a like
kind to those enumerated by the Act, *which are doing business
in this State, and which are incorporated by or under the laws of
any other State.* It is then quite clear that the tax required
by the statute to be paid by foreign corporations is limited to

by the statute to be paid by foreign corporations is limited to the business done by them within the State, and it cannot be presumed that the Legislature intended to unjustly discriminate against domestic corporations, doing business in this State, by taxing the business done by them outside of the State.

Besides this it is stated by the counsel for the appellee in his brief "that the construction of the statute contended for by the appellant has never been advanced by the financial officers of the State, and the largest fidelity companies of the State have never been required to pay the tax upon business done in other States; that in nearly all the States a like tax is imposed for doing business in each State." Now it is a well-established rule of statutory construction, that in the construction of a doubtful or ambiguous law the cotemporaneous construction of those who are called upon to act under the law, and were appointed to carry its provisions into effect, is entitled to very great respect. *Endlich, Stat. Interp.*, 245; *Edwards* v. *Darby*, 12 Wheat. 204; *U. S.* v. *Moore*, 95 U. S. 760; *U. S.* v. *MacDaniel*, 7 Peters, 1; *Brown* v. *U. S.*, 113 U. S. 568; *U. S.* v. *Alabama*, 142 U. S. 621; *U. S.* v. *Pacific R. R.*, 118 U. S. 235.

For these reasons, the judgment of the Court below will be affirmed with costs.

*Judgment affirmed with costs.*

(Decided April 17th, 1901.)