# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed March 25, 1907.

## STATE OF MARYLAND
### VS.
CENTRAL TRUST COMPANY OF MARYLAND.

*Alonzo L. Miles* and *German H. H. Emory* for plaintiff.

*Edgar H. Gans, Arthur Geo. Brown, Stuart S. Janney* and *C. I. T. Gould* for defendant.

**STOCKBRIDGE, J.—**

The issue in this case involves the proper interpretation to be placed upon certain Acts of Assembly, in the light of the construction placed upon the same, or similar acts, by the Court of Appeals. In such a case the decisions of other States construing different statutes, or even approximately similar statutes where the general scheme of taxation is different, afford but little assistance.

The defendant in this case is a corporation of the class known as trust companies, but by the terms of its charter as the same has from time to time been amended, it is entitled to engage in a great variety of businesses, some of which are clearly distinct in character from what is ordinarily understood by the term "trust business," and some so closely interwoven with it that it is impossible to say with certainty in the exercise of just which of the granted powers of the corporation a given act has been performed.

The State has undertaken through the State Tax Commissioner and State Comptroller to assess a gross receipt tax of 2 per cent. upon *all* of its receipts, derived from all classes of its business for the years 1903, 1904 and 1905, and upon the refusal of the defendant to pay has brought this suit.

The language of the acts by which the gross receipt tax is imposed, and codified in Sections 164 and 165 of Article 81 (Code 1904) is with regard to the "total" receipts and the "gross" receipts of the corporations of the classes or description named in the act, and the crucial question of this case is, whether it was the intention of the Legislature that the gross receipt tax was to be computed, in the case of corporations like this, doing a variety of businesses, only upon such portion of the business as was done by the corporation, of the character generally understood by the expression "trust business"; or whether when the corporation was vested by its charter with the power to, and had, in fact, engaged in several different forms of business, one of which was a trust business, and clearly liable to have the tax imposed on the gross receipts, there should be added to the revenue derived from the trust business, the gross receipts acquired from those classes of business, which while authorized by the charter, would not have been liable to such tax if the corporation had engaged in these only.

When a corporation is by its charter authorized to carry on more than a single kind or character of business, while there is but one corporation, it is well settled that it is as to its diverse kinds of business separate and distinct entities.

Real Estate Trust Co. vs. Union Trust Co., 102 Md., 41.

State vs. German Savings Bank, 103 Md., 196.

And as this is true in regard to the various forms of business conducted, it must be equally true as to the power of the State to impose a tax upon that business, and the different forms of business conducted will be liable to taxation upon the gross receipts or not according as the Legislature has seen fit to place a tax upon that particular form of business. Or to express it a little differently the legislative intent was to tax the character of the business done, not the name under which it was done.

Section 164 imposes a tax upon the total revenue or gross receipts of trust companies; it does not impose any such tax upon corporations organized to do a banking business, or a real estate business, or a loan business. In the present case, therefore, the tax is to be computed, in the first instance, on the receipts derived from the conduct of the trust business, and in so far as the receipts of the company were derived from carrying on a banking, or a land or a loan business pure and simple, those receipts are entitled to be relieved from the tax.

This I understand to be the necessary effect of the recent decision in the State vs. The German Savings Bank, 103 Md., 196.

It does not follow from this, however, that all income of the defendant derived from investments which it may have made, is to be so relieved. There should be and undoubtedly is a portion of those receipts derived from investments of the capital and surplus of the company, which it was the intent of the Legislature should be added to the income from the trust company proper for the purpose of computing the gross receipts.

It is not to be conceived that the Legislature in chartering a trust company would ever authorize such corporation to assume the discharge of the fiduciary powers granted to it, without having a dollar of capital stock. An index of the legislative intent in this regard may be found in Section 340 of Article 23 (Code of 1904), where a certain class of trust companies is required to have a paid up capital stock of at least $250,000, and this paid up amount it is assumed by the same section will be invested, that is, will be made to produce a certain amount of income, and that revenue as received would clearly be liable to taxation as a portion of the gross receipts. The attorneys for the defendant in the present case will hardly contend that if the Central Trust Company had been incorporated to do a trust business only, it would have been authorized to begin its corporate existence without a dollar of capital; or that having such capital, the same would have been allowed to remain idle and unproductive. The form of investment of such paid in capital and any surplus, was a matter resting in the exercise of a sound discretion of the corporation, or its duly chosen officers or agents. It might have been in real estate, in loans secured by mortgage or the deposit of collateral, or in stocks or bonds of other corporations. It therefore cannot be said that because the defendant was authorized to do a land development business, the gross receipts derived from which would of themselves not have been liable to taxation, that therefore all receipts derived from rentals, mortgages and profits on sales of land are to be exempt from the gross receipt tax.

The profits resulting from the loan of deposits was clearly an incident of the defendant's business as a banker, and as such should not enter into the computations.

So, also, an item covered by the 8th prayer of the defendant of the receipt of $100 for trust business done outside of this State, should be omitted from the computation of receipts liable to the tax sued for.

State vs. United States Fidelity Company, 93 Md., 317.

The great difficulty is to say how, if at all, the apportionment of the income derived from the investments of the capital and surplus is to be made as between the various classes of business which the company is authorized to do, the gross receipts from some of which are liable to the tax and some of which are not.

The defendant has indicated no method for a proper apportionment, and as the defendant is in effect claiming an exemption, it cannot complain, if a somewhat strict method of apportionment is adopted.

It is true that, practically no trust business was done in the first year for which the suit is brought, but the tax is one upon the right to do that particular business, and the receipts are but a measure of the volume of business done upon which to impose the tax, and following out the line already indicated, if this defendant had been incorporated with power to do a trust business only, and had had its capital paid in, but had not done a single item of business, the right to do and not the fact that it was or was not done constituted the basis for the tax, and it would have been properly computed upon the receipts from the investments of the paid in capital. Some portion of the receipts for the year ending January 31st, 1903; must therefore be held liable to the tax. But what portion? As already said the defendant has not even offered a suggestion, and the basis adopted must to a large extent be arbitrary, but should not be unreasonable.

Throughout the entire three years covered in this suit, the paid up capital of the company was $500,000, and there was a surplus of $125,000, which had been paid in cash, and was thus in effect a portion of the capital.

The business of the defendant company was three-fold: First, real estate; second, banking, and third, a trust business, in which latter was included the power to guarantee the security, integrity and income of investments. (Sec. 6C, Chapter 63, Acts 1900).

For these first two classes of business there was no minimum amount of capital stock required by the statutes; it might be large or small according to the judgment and plans of the incorporators. For the third class of business, however, there was a statutory minimum of capital stock of $250,000. (Code 1904, Article 23, Sec-

478

tion 340) or exactly one-half of the actual capital of the defendant.

In this condition it does not seem unjust to hold that the one-half part of the capital and surplus of the defendant company was held by it as the paid up capital of its entity as a Trust Company, and that one-half of all receipts derived from the investment of its capital and surplus in lands, mortgages, stocks or bonds of other corporations, or paid as interest for the loan of the same on collateral, was a receipt liable to the tax.

, In conformity with the views thus expressed the motion offered by the plaintiff to strike out certain evidence will be overruled, and all of its prayers rejected.

Of the defendant's prayers the 1, 6, 8, 10 and 11 will be granted, and the 2, 3, 4, 5 and 7 will be refused.