## FIDELITY AND CASUALTY COMPANY OF NEW YORK v. CITY OF COLUMBUS *et al.*

No. 14288.   October 13, 1942.   Rehearing denied November 13, 1942.

*Estes Doremus* and *Smith, Smith & Bloodworth,* for plaintiff.
*William deL. Worsley,* for defendants.

GRICE, Justice. The City of Columbus having issued against the plaintiff a tax fi. fa., and the municipal authorities threatening to levy the same by subjecting the plaintiff to numerous suits through garnishment, it brought its petition seeking injunction on the ground that the city had no right to proceed in its attempt to collect the tax involved, for reasons hereinafter referred to. The case was tried on an agreed statement of facts. The injunction was refused, and the plaintiff excepted.

The charter of the City of Columbus empowers it to levy and collect taxes upon all "trades, businesses, callings, professions, sales, labor, pursuits," etc. Ga. L. 1921, p. 800, sec. 3 (1). Pursuant to that authority, the city adopted the following ordinance (sec. 13) : "It is further ordained by the authority aforesaid, that for the year 1939 each person, firm, or corporation engaged in any business, trade, profession, or occupation hereinafter specified shall pay the license-tax hereinafter provided, and take out a license for said business, trade, profession, or occupation; which license shall be displayed in a conspicuous place in the place of business. Each such license shall be for the calendar year 1939, unless otherwise ·specifically provided. . . No special or license tax herein provided for is intended to be levied upon or on account of interstate business; and in any case where a person is engaged in both interstate and intrastate business, the tax here levied is intended to be levied upon and on account of the intrastate business only." The tax here involved is based on premiums on insurance policies and surety bonds handled by the agent of the plaintiff in the City of Columbus. The tax in dispute is based on premiums so collected on insurance policies and contractors' bonds issued in connection with risks, jobs, or subject-matter located out of the State of Georgia. The applications for said policies and bonds were made to the said agent at its office in said city; the policies were written by said agent at said office in said city, and were delivered to the insured in said city. It further appears that those policies covering risks, jobs, or subject-matter in Columbus and Muscogee County were countersigned by a licensed Georgia

agent, and those covering risks, jobs, or subject-matter in Alabama were countersigned by a licensed Alabama agent.

■ The plaintiff takes the position that since the ordinance expressly provides that no license tax therein provided is intended to be levied upon or on account of interstate business, and since the taxes here claimed were on policies covering jobs and risks in Alabama, which policies were countersigned by a licensed Alabama agent, by the very terms of the ordinance it does not owe these taxes. The exact scope and meaning of the words "interstate business" as used in the ordinance need not be determined. It may be that it was designed to make it plain that no tax was attempted to be laid on interstate commerce. The issuing of a policy of insurance is not a transaction of interstate commerce. Paul v. Virginia, 75 U. S. (8 Wall.) 168 (19 L. ed. 357). And therefore regulations of a State in regard to policies delivered in the State by non-resident insurance corporations, and taxes imposed on said corporations, are not, if otherwise legal, unconstitutional as a burden upon interstate commerce. New York Life Insurance Co. v. Deer Lodge County, 231 U. S. 495 (34 Sup. Ct. 167, 58 L. ed. 332).

In view of the stipulation that the applications therefor were made to the company's agent at its office in the City of Columbus and were there written and delivered to the insured, it can not be held that this was interstate business merely because these particular policies were countersigned by a licensed Alabama agent. The business was transacted in the City of Columbus. Nor is this fact altered because the tax here challenged was upon premiums on policies and contractors' bonds issued in connection with risks, jobs, or subject-matter located without the State. A tax imposed by a municipal corporation on the gross premiums of an insurance company doing business in the city where the tax is imposed is a business tax. Mutual Reserve Fund Life Association v. Augusta, 109 Ga. 73 (35 S. E. 71). Being a business tax, it is properly laid where the business is transacted. The location of the risk does not determine the place where the business of the issuance and delivery of the policies and the collection of the premiums therefor were laid. Compare City of LaGrange v. Whitley, 180 Ga. 805 (180 S. E. 823), where it was held that a person residing in the City of LaGrange, wherein was located his office and where his

general office work was done, was liable under a city ordinance which levied an occupation tax on each contractor engaged in street or sidewalk paving, although all his paving contracts were for work done elsewhere.

The crucial point in State *v.* United States Fidelity & Guaranty Co., 93 Md. 314 (48 Atl. 918), was whether or not, in construing an act of the Maryland legislature taxing the gross receipts of a fidelity and casualty company located in that State, it was intended to give the act an extraterritorial effect. Nothing there decided constrains us to take a different view of the question here presented from that already indicated.

■ The plaintiff argues that since the Code, § 92-2509, which provides for a State tax on the gross premiums, expressly limits the tax to one upon "the gross premiums received by them [insurance companies] in this State," and since under this provision the taxing authorities . of the State require a report and a tax paid on "gross premiums collected on Georgia risks," the right of the city to tax is also thus limited, its contention being that the charter amendment of the City of Columbus (Ga. L. 1921, p. 800) only empowers the city to tax premiums on risks located therein. This charter amendment neither expressly nor by implication puts such a limitation on the power of the city to tax. On the contrary, as hereinbefore pointed out, the amendment in sec. 3 (1) authorizes the city to levy and collect the tax imposed by the ordinance. That the State may have seen fit to tax only premiums on risks within the State, does not matter. In *Johnston* v. *Macon, 62 Ga.* 645, 652, this statement may be found: "Of course the State can not grant power to another which itself does not possess; therefore it can not confer on a municipal corporation the right to tax anything which it may not have the power to tax itself. Still the corporation may tax and the State not tax; because the legislature does not see fit to tax certain subjects of taxation, which it has the right to tax, it does not follow that a city, on which it has conferred the power to tax those same subjects, is barred from exercising the power, because the State did not exercise it."

■ The ruling in the third headnote needs no elaboration.

■ It was proper to refuse an injunction for the reasons above stated. In so holding, we are not to be understood as ruling that there were no other reasons why complainant was not entitled to

relief in equity, and especially is it not decided whether or not the court of equity should have declined to exercise jurisdiction on the ground that the plaintiff had a complete and adequate remedy at law.

*Judgment affirmed.* *All the Justices concur, except Hewlett, J., not participating.*