46817. In re CLARKSON.

Argued January 6, 1972—Decided January 20, 1972—
Rehearing denied February 11, 1972—

*Poole, Pearce & Cooper, Edwin Pearce, Robert R. Smith,* for appellant.

*Alexander Cocalis, Mallory C. Atkinson,* for appellee.

DEEN, Judge. Under *Code Ann.* § 9-401 the practice of law, among other things, includes preparation of legal instruments of all kind, giving of legal advice, and any action taken for others in any matter connected with the law. Under *Code Ann.* § 9-205 if the State Bar consents to the grant of the application the court may enter an order of admission, whereas if it objects it shall file its answer stating the grounds of objection and a hearing will be held, the burden being on the applicant to show his qualification for a license by a preponderance of the evidence. We there-

fore restrict our inquiry, as did the trial judge, to a question which may be summarized as follows: Assuming the applicant is otherwise qualified, that the location of his residence within the New York metropolitan area is unimportant in this case, and that he was devoting himself on a substantially full-time basis to the practice of law as defined above for Oakite Products Corp., in which capacity he acted as a New York attorney in the state where he was licensed rather than as a New Jersey attorney in a state where he was not licensed, is it true, as stated in the position of the State Bar, that the fact that the office in which he worked had been moved over the State line (a decision with which applicant had nothing to do and which did not affect the nature or quality of his work) requires denial of a license to practice law in this state? If the appellant was not practicing law in New York, the only state where he was admitted to practice, then he was practicing illegally, and should be denied a license on that ground. *Wallace v. Wallace,* 225 Ga. 102, 104 (166 SE2d 718). Obviously, had the State Bar or the court so felt they would not have conceded his good character. Dealing with the question of residence only, it was held in In re Pierce, 189 Wis. 441, 450 (207 NW 966): "Mere absence from the state does not of itself necessarily forfeit or abandon the right to practice originally granted."

We are aware that we reach a different conclusion from that of New York relative to a Georgia applicant in In re Harvey, 309 N. Y. 46 (127 NE2d 801, 51 ALR2d 1196). New York does require actual residence within the state during all of the period upon which reciprocity qualifications are based, a requirement now the subject of express regulation but judicially introduced into New York law in In re Lerch, 280 N. Y. 74 (19 NE2d 788). In the Harvey case the Georgia applicant to the New York bar based his five years on Georgia domicile, but half of that time was spent outside the state traveling in various southern states as claims attorney for an insurance company. The New York court based the adverse holding entirely on residence

rather than practice, and, as to the latter, said (p. 48): "As to the five years of 'practice' in the foreign jurisdiction, that means admission to the Bar with the right to practice in that jurisdiction's highest court. Just how much or what kind of 'practice' such an applicant must show is for the broad, inclusive discretion of the Appellate Divisions, which in the end must determine professional 'fitness' as well as good character." Physical residence but not physical location of the office was there at issue. We see a broad distinction between the Harvey case, where the applicant was traveling throughout the southeastern states a good half of his time dealing with claims arising under the laws of foreign jurisdictions, and the appellant's situation here, where he continued to remain within the New York metropolitan area practicing New York law for a New York corporation. In our opinion the applicant met the requirement of five years New York practice, as required by *Code Ann.* § 9-202 (a) (1), which is the only question we are passing on here.

*Judgment reversed and remanded to the superior court for further proceedings in accordance with this opinion. Jordan, P. J., and Clark, J., concur.*