## 50286. CITY OF ATLANTA v. VICTORIA CORPORATION.
## 50287. CITY OF ATLANTA v. B-X CORPORATION.

STOLZ, Judge.

The City of Atlanta had summons issued requiring Victoria Corp. and B-X Corp. to appear in the Municipal Court of the City of Atlanta for allegedly doing business in Atlanta without having first registered for a business license. Both corporations were found guilty, fined $200, and directed to comply with the business license ordinance. The Superior Court of Fulton County, through Judge Charles A. Wofford, sustained a petition for certiorari by both corporations and held that the business license tax as applied to this factual situation was "upon the mere ownership of land, and that it is therefore unlawful." The City of Atlanta appeals.

Prior to the trial in the Municipal Court of the City of Atlanta, the parties entered into a stipulation of facts; the pertinent parts of which read, "Any person shall be deemed to be engaged in business and thus subject to the requirements of this ordinance when real property owned by such person is offered for rent or rented, when such person performs any act of selling any goods or services or solicits business or offers goods or services for sale for payments primarily in attempt to make a profit include in sales or services of the character as made by a wholesaler or retailer or involved in any of the functions performed as manufacturer; all of the foregoing either as a [sic] owner, operator, or agent in any business, trade, profession, or occupation within the city. [Code of Ordinances of the City of Atlanta, Georgia] Chapter 17, Appendix 1, Section 2. Definitions. Paragraph O, Engaged in Business." The parties also stipulated the municipal ordinance which was being applied to the defendant corporations. The record further reveals that both corporations are closely held family corporations, which were organized by Thomas B. West for the benefit of his children. Mr. West does not own any stock in either corporation, but does serve as President of B-X Corp. Mr. West is an attorney at law and maintains a law office in the City of Atlanta. Within this office, Mrs. Thelma Y. Wood is employed by

"Thomas B. West, Attorney at Law, Client Money Account." *Mrs. Wood is also the Secretary-Treasurer of both corporations.* The moneys collected by both corporations are deposited to the "Thomas B. West, Attorney at Law, Clients' Money Account." Mrs. Wood, as an employee of "Thomas B. West, Attorney at Law, Clients' Money Account," is paid a 10% commission on the moneys collected for her services. Mrs. Wood keeps both corporations' books in her home (outside the city), but brings them into the city to work on them in Mr. West's law office.

We cannot accept the appellees' view that the two corporations are not doing business within the city because corporate moneys are collected by the attorney for his clients. The record shows that the moneys due are collected by the corporate treasurer (Mrs. Wood), an employee of "Thomas B. West, Attorney at Law, Clients' Money Account," who is paid *exclusively* a commission on the moneys collected and deposited to that account. *There is no evidence in the record that Mrs. Wood at any time was an employee of Thomas B. West, attorney at law.*

"A tax on a business or occupation because measured by the number of pieces of property used in said business or occupation, although the pieces of property are subject to ad valorem taxation, is not a tax on property within the meaning of that term as used in the const., art. 7, sec. 2, par. 1 (Code § 2-5001), declaring that taxation shall be ad valorem upon all property, but is merely a tax on the business or occupation. *Goodwin v. Savannah,* 53 Ga. 410; *Davis v. Macon,* 64 Ga. 128 (37 Am. R. 60); *Sawtell v. Atlanta,* 138 Ga. 687 (75 SE 982); *Price v. Richardson,* 159 Ga. 299 (125 SE 449). It follows that a tax on sales, which may constitute a part or all of the business of the party taxed, is not a tax on property within the meaning of the constitution, merely because the tax is measured by the accounts receivable resulting from sales." *City of Atlanta v. Georgia Milk Producers Confederation,* 187 Ga. 117, 118 (1) (200 SE 712). "By the same reasoning we hold that a business tax measured by gross revenue is not a tax on income. See also *Atlanta Nat. Bldg. &c. Assn. v. Steward,* 109 Ga. 80 (35 SE 73) and *Mutual Reserve Fund Life Assn. v. City Council of Augusta,* 109 Ga. 73 (35 SE 71), where it

was held that a tax measured by the gross receipts of a business is an occupation or business tax." *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 752, 755 (2) (164 SE2d 803).

This case is controlled by the principles of law stated in the two cases cited above. The municipal ordinance is valid and the Supreme Court has so held in the *Pharr Road* case, supra. A corporation, like an individual should not be permitted to do indirectly what it cannot legally do directly. The judgment of the Superior Court of Fulton County is reversed.

*Judgment reversed. Bell, C. J., Pannell, P. J., Clark, Quillian and Webb, JJ., concur. Deen, P. J., Evans and Marshall, JJ., dissent.*

ARGUED FEBRUARY 25, 1975 — DECIDED
JUNE 6, 1975.

*Henry L. Bowden, Ralph C. Jenkins, John E. Dougherty,* for appellant.

*Durwood T. Pye, Tom Pye,* for appellee.

EVANS, Judge, dissenting.

Victoria Corporation and B-X Corporation are two family corporations owning considerable real property in the City of Atlanta. Said property has been rented so far as possible to produce rentals. The corporations had been in other types of business than the rental of property and had obtained business licenses from the City of Atlanta in the past, but around 1970 the corporate offices were moved out of the city and ceased business operations within, but continued to collect the rents by and through real estate agents and its attorney, Thomas B. West. Mr. West is president of B-X Corporation and attorney for both corporations. The two corporations received gross receipts for rent during the year 1973, although they operated at a net loss by reason of expenses, etc. (i.e. no net income).

On the 20th of November, 1973, the City of Atlanta charged the corporations with failing to register for a business license after engaging in the furtherance of a business within the confines of the City of Atlanta. The

ordinance in question allegedly violated was found in the Code of the City of Atlanta, Chapter 17, Appendix 1, Section 6, Paragraph 1, requiring a business license when any person performs any act of selling any goods or services or solicits business or offers goods or services for sale for payments primarily in an attempt to make a profit, including sales of services of the character made by a wholesaler or retailer or involving any function performed as a manager, either as owner, operator or agent in any business, trade, profession or occupation within the city.

Trial was held in municipal court of the City of Atlanta and defendants were found guilty of failing to register for a business license. They were fined $200, and directed to comply with the registration requirements in the ordinance.

Writs of certiorari to the lower court were issued by the Superior Court of Fulton County, Georgia, based on a petition to set the convictions aside. The writs were answered, and the trial court sustained both petitions for certiorari, stating in his order that the license tax as here applied was upon the mere ownership of land and was therefore unlawful.

The majority opinion of the Court of Appeals reverses the lower court, in effect holding that the contention by the corporations that no further taxes were due because the attorney for the corporations collected the rents is invalid; and that the taxes claimed are due.

I respectfully dissent for the reasons hereafter set forth.

1. The municipal court based its decision on the following admitted facts: The corporations are created for the purpose of making a profit in buying, holding, selling and renting, etc. real estate (the renting of property is *all* that is involved in this case); the establishment of an office outside the city limits of Atlanta fails to show it was not doing business in Atlanta, since the secretary-treasurer of the corporation brought the books into the City of Atlanta to the office of West, an attorney at law, and collected rents for the corporation as an employee of West; a resident manager of the defendant corporations entered into verbal agreements to lease properties and collected

rents for the defendant corporations.

Based on this evidence the municipal court held the corporations were doing business of renting and collecting interest on mortgages which were transacted and conducted within the City of Atlanta. But the testimony discloses that West, as an attorney, performed these services for the corporations as part of his legal business.

The practice of law is defined in Code Ann. § 9-401, among other things, as also being "any action taken for others in any matter connected with the law." West, as attorney at law for the corporations, had full authority to collect rent for his clients, and the evidence does not establish that the corporations were doing business in the City of Atlanta. The mere fact that West's employee was also secretary-treasurer, and kept the books which were brought to the office of the attorney in the City of Atlanta is insufficient to establish that the corporation was doing business within the city.

2. The city does not contend that the collection of rent by real estate firms and other businesses licensed to do business in the City of Atlanta for that purpose is here involved, but only that the activity of the corporation at the offices of the attorney (and incidentally the resident manager who collected rent) amounts to the doing of business in the city. But this activity was performed by the *attorney for his clients.* It is not disputed that the attorney had paid a professional license tax to the city and was a duly licensed attorney of the State of Georgia.

3. The above ruling does not require a decision as to whether or not the application of the ordinance in this instance is confiscatory, amounts to a double tax, either upon the lawyer or ad valorem, or is otherwise violative of the State and Federal Constitutions, as argued in the briefs of counsel. The duties here performed by the attorney for his clients are an "action taken for others in any matter connected with the law." See in this connection, *In re Clarkson,* 125 Ga. App. 481 (188 SE2d 113). Compare *Wanthal v. City of Atlanta,* 134 Ga. App. 419. When a decision of the lower court is right for any reason it will not be reversed. *Jernigan v. Collier,* 134 Ga. App. 137 (213 SE2d 495), and cits.

I am authorized to state that Presiding Judge Deen

and Judge Marshall join me in this dissent.