59814. CITY OF COLUMBUS v. RONALD A. EDWARDS CONSTRUCTION COMPANY., INC.

SOGNIER, Judge.

Appellee Ronald A. Edwards Construction Co. (Edwards), operates a business building and selling homes in the City of Columbus, Georgia. Appellant City of Columbus (Columbus) by ordinance imposes a "gross receipts tax" on businesses operating in the city. Edwards, in calculating its gross receipts tax for 1975, 1976 and 1977, deducted from its gross receipts the cost of the lots it had purchased from developers and upon which it had built homes for sale. Appellee claims it made no profit from the sale of the lots.

Columbus billed Edwards for back taxes on the sale of the lots, plus interest and a penalty. Edwards filed an action for declaratory judgment seeking to invalidate the tax on the lots. The trial court found that the provisions of the city ordinance which permitted collection of a gross receipts tax on those portions of the sale of homes which consisted of the cost of the lots purchased by Edwards for resale were invalid. Columbus appeals.

The sole issue on appeal is whether the provisions of the city ordinance requiring a gross receipts tax on the sale of the lots is preempted by the Georgia Real Estate Transfer Tax, Code Ann. § 91A-3001 et seq. (formerly Code Ann. § 92-801 et seq.), because the Georgia Constitution (Art. I, Sec. II, Paragraph VII, Code Ann. § 2-207) provides that "[L]aws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

Columbus, by virtue of its city charter, is authorized to levy and collect taxes on trades, businesses, callings, professions, sales, labor, pursuits, etc. See *Fidelity & Casualty Co. of N. Y. v. City of Columbus,* 194 Ga. 795 (22 SE2d 727) (1942). The Georgia Supreme Court has held that such a tax measured by gross receipts is a valid regulatory as well as revenue producing business tax. It is in the nature of a business license fee rather than a tax on income or property. *Pharr Road &c. Co. v. City of Atlanta,* 224 Ga. 752, 755 (164 SE2d 803) (1968); *City of Atlanta v. Georgia Milk Producers Confederation,* 187 Ga. 117 (200 SE 712) (1938); *City of Atlanta v. Victoria Corp.,* 135 Ga. App. 33 (217 SE2d 509) (1975).

Columbus argues that the Georgia Real Estate Transfer Tax is a property tax and thus, distinguishable from the gross receipts tax for purposes of preemption. However, the Real Estate Transfer Tax is not a property tax; it is an excise tax on transactions involving the sale of property. It is paid by the transferor each time he sells a parcel of real estate for the privilege of selling that particular property. The amount of the tax is based on the sales price of the property; it is not a tax on the property *as such,* as is the ad valorem tax which is charged against the owner of the property or against the specific property (Code Ann. § 91A-1021).

The Real Estate Transfer Tax is like the gross receipts tax in that both are taxes on business transactions, both are paid by the transferor of the property, both use the same dollar amount (i.e., the consideration paid for the property and the gross receipt from the sale of the property) as their basis for calculation. However, for purposes of preemption, the two taxes cannot be said to be the same so that the Real Estate Transfer Tax preempts Columbus' gross

receipts tax.

Columbus' gross receipts tax is a license tax, which is required by city ordinance as a condition precedent before Edwards or any builder/contractor can carry on his everyday business. See *City of Waycross v. Bell,* 169 Ga. 57, 60 (149 SE 641) (1929); *Inter-City Coach Lines v. Harrison,* 172 Ga. 390, 396 (157 SE 673) (1930); *Chanin v. Bibb County,* 234 Ga. 282, 285 (216 SE2d 250) (1975). It can be imposed for raising revenue, or for regulation, or both. *Chanin,* supra. It is a continuing, yearly tax based on yearly gross receipts. It is distinguishable from the Real Estate Transfer Tax, which is imposed on every transferor of real property on each individual sale of such property, regardless of whether he has a license to sell real property and regardless of whether such transferor is subject to a gross receipts tax. Hence, Columbus' gross receipts tax is not a "special law . . . for which provision has been made by an existing general law." (Code Ann. § 2-207.) The two taxes in this case are different and the State Real Estate Transfer Tax does not preempt Columbus' gross receipts ordinance.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

Argued May 5, 1980 — Decided September 2, 1980.

*Lennie F. Davis, Eugene H. Polleys,* for appellant.
*Barschall Andrews,* for appellee.