A89A1050. O.P.D.I.-U.S., INC. v. COLLINS et al.
(388 SE2d 49)

CARLEY, Chief Judge.

Appellant-plaintiff purchased real property and gave a deed to secure debt to the Bank of Montreal. When appellant subsequently sold the real property to Atlanta Biltmore Associates, Ltd. (ABAL), ABAL gave to appellant a wraparound deed to secure debt. This wraparound deed to secure debt provided, in relevant part, that "[t]he indebtedness secured [here]by . . . represents and is expressly inclusive of the outstanding principal balance plus accrued interest thereon of the indebtedness owed to the Bank of Montreal and secured by Deeds to Secure Debt [given by appellant] . . . and although [ABAL] has acquired the Property subject to said Deeds to Secure Debt, [appellant] shall continue to make all payments of principal, interest, and other amounts due thereunder or pursuant to the Note or Notes secured thereby from payments received from [ABAL], which payments shall be made payable jointly to [appellant] and the Bank of Montreal until such underlying indebtedness is paid in full

and satisfied of record."

When ABAL defaulted, appellant initiated foreclosure proceedings and, acting under the power of sale contained in the wraparound deed to secure debt, it conducted a public sale of the real property. Appellant was the highest bidder and, according to the deed under power, it purchased the real property for the sum of "Seven Million ($7,000,000.00) Dollars (including assumption of indebtedness secured by the property by liens set forth in [ABAL's Wraparound] Deed to Secure Debt). . . ." As payment of the real estate transfer tax for ABAL's conveyance to appellant, appellant tendered a check in the amount of $1,000 to appellee-defendant Clerk of the Superior Court of Fulton County. This amount of $1,000 was based upon appellant's representation that the net taxable value of the conveyance was $1,000,000, the difference between the $7,000,000 that it had paid and the $6,000,000 pre-existing indebtedness owed to the Bank of Montreal that it had assumed. This tender of $1,000 was rejected and appellant was informed that the net taxable value of the conveyance was $7,000,000 and that the real estate transfer tax would be $7,000. Appellant paid the full $7,000 under protest and then filed a claim for a $6,000 refund from the appellee-defendant State Revenue Commissioner. See OCGA § 48-6-7 (a). When appellant's claim for a refund was denied, it filed this legal action to recover the $6,000. See OCGA § 48-6-7 (b). Cross-motions for summary judgment were filed. The trial court granted appellees' motion and denied appellant's. Appellant appeals from the grant of summary judgment in favor of appellees and from the denial of its motion for summary judgment.

1. Appellees urge and the trial court found that the full consideration given by appellant for the real property, as disclosed in the deed under power, was $7,000,000. However, appellant has never contended otherwise. Appellant has always acknowledged that $7,000,000 is the total amount of consideration that it gave for the real property but it has consistently urged that this nevertheless does not represent the *taxable amount* of the conveyance. OCGA § 48-6-1 imposes a tax "when the consideration or value of the interest or property conveyed *(exclusive of the value of any lien or encumbrance existing prior to the sale and not removed by the sale)* exceeds $100.00." (Emphasis supplied.) If the Bank of Montreal's deed to secure debt existed prior to appellant's sale of the real property under power and if the Bank of Montreal's deed to secure debt was not removed by that sale, it follows that, under the clear and unambiguous language of the relevant statute, the value of the Bank of Montreal's pre-existing encumbrance must be deducted from the total amount of the consideration so as to derive the taxable amount of the conveyance. Accordingly, the trial court erred in granting summary judgment in favor of appellees. Although we reach this decision based upon the clear and unam-

biguous language of OCGA § 48-6-1, our holding is consistent with the interpretation of a similar Florida tax provision. See *Department of Revenue v. Brookwood Assoc.*, 324 S2d 184 (Fla. App. 1976).

2. The trial court did not, however, err in denying appellant's motion for summary judgment. Appellees' answer contains no admission that, on the date of the sale under power, the value of the Bank of Montreal's pre-existing deed to secure debt was $6,000,000 as had been represented by appellant and, in support of its motion for summary judgment, appellant adduced no evidence showing that, on the date of the sale under power, $6,000,000 was in fact the value of that pre-existing encumbrance. Accordingly, although no genuine issue of material fact may remain as to appellant's entitlement to a refund of some portion of the $7,000 that it paid as the real estate transfer tax, such an issue does remain as to the exact amount of the refund that appellant is entitled to recover.

3. The trial court's grant of summary judgment in favor of appellees, holding that the taxable amount of the conveyance was correctly based upon the full $7,000,000 consideration given by appellant, is reversed. The trial court's denial of summary judgment as to appellant's entitlement to a refund of $6,000, based upon an exclusion of $6,000,000 as representing the value of the Bank of Montreal's pre-existing and unsatisfied encumbrance, is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

This case involves a construction of the Georgia Real Estate Transfer Tax, which "is not a property tax; it is an excise tax on transactions involving the sale of property. It is paid by the transferor each time he sells a parcel of real estate for the privilege of selling that particular property." *City of Columbus v. Ronald A. Edwards Constr. Co.*, 155 Ga. App. 502, 503 (271 SE2d 643) (1980).

With respect to Division 1, the question is whether the term "removed" in the statute means removed from the realty as part of the transaction, as appellant contends, or removed from the transferor, as the taxing authorities contend.

In this case the transferor was relieved of liability from paying the indebtedness on the realty, by the terms of the sale whereby the transferee assumed the debt; the debt was not extinguished by the transferee's paying it as part of the sale terms, and thus it remained as an encumbrance on the realty after the transfer was completed. While it is true that liability for the debt underlying the encumbrance was "removed by the sale" from the transferor, that is not what is meant by the provision in the statute. The "encumbrance" is on the realty, not on the owner.

Thus, I agree that the continuation of the encumbrance after the sale worked an exclusion of its value from the taxable amount.

DECIDED NOVEMBER 9, 1989.

*Leslie J. Bryan, Richard D. Ellenberg*, for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Verley J. Spivey, Senior Assistant Attorney General, Grace E. Evans, Assistant Attorney General*, for appellees.