A95A1198. CC OFFICE ASSOCIATES, L.P. v. DeKALB COUNTY, GEORGIA.
(464 SE2d 243)

ANDREWS, Judge.

CC Office Associates, L.P. ("Associates"), appeals from the trial court's grant of summary judgment to defendant DeKalb County and the denial of Associates' motion for summary judgment on Associates' claim for recovery of no-return and late payment penalties assessed

against it for 1992 real estate taxes.[1]

Viewed with all inferences in favor of Associates, opponent of summary judgment, the evidence showed that in November 1991, Associates purchased 30.89 acres of DeKalb County real property from FNBC Properties, Inc. ("FNBC") of Chicago. The purchase price was $20,900,000. As required by OCGA § 48-6-1 et seq., on November 30, FNBC filed with the clerk of the superior court a PT 61, "Real Estate Transaction Declaration" reflecting the payment of the real estate transfer tax.

That PT 61 was signed by the agent of FNBC in Section G, labeled "Seller Certification." It listed the property as 30.89 acres in District 18, Land Lot 189. No sub lot or block was listed in the space provided. The estimated fair market value was listed as $20,900,000. The form did not contain any affirmation or signature by anyone from Associates.

The issue here is whether the PT 61 complied with OCGA § 48-5-15 (d) so as to serve as a return of real property. At the time of this incident OCGA § 48-5-15 provided: "(a) All improved and unimproved real property in this state which is subject to taxation shall be returned in person or by mail by the person owning the real property or by his agent or attorney to the tax receiver or tax commissioner of the county where the real property is located. (b) If the real property has a district, number, and section designation, the tax receiver or tax commissioner shall require the person making a return of the real property to return it by district, number, and section designation. . . . (c) No tax receiver or tax commissioner shall receive any return of real property which does not designate the real property as provided in this Code section. . . . (d) The filing of a real estate transfer tax form in conjunction with the payment of the real estate transfer tax required under Article 1 of Chapter 6 of this title *containing the information otherwise required for a return of real property under this Code section shall serve as a return of such real property under this Code section.*"[2] (Emphasis supplied.)

The time for filing real property tax returns for the 1992 tax year in DeKalb County expired on March 1, 1992. The first installment of taxes owed was due on July 1 and delinquent after August 15, 1992. Associates did not pay the first installment until October 9, 1992. No return, other than the PT 61, was filed on this property.

As concluded by the trial court, the PT 61 suffered from several

---

[1] The trial court entered final judgment as to these two categories of penalty. The issue of excess tax remains pending below.

[2] Subsection (d) was added by Ga. L. 1991, p. 1110, § 1, applicable to all taxable years beginning January 1, 1991. By Ga. L. 1992, p. 1643, § 1, subsection (d) was repealed effective July 1, 1992.

failures which precluded that court and this one from concluding that it could serve as the required tax return.

First, OCGA § 48-5-15 requires that the person "owning the real property or by his agent" return the property. As set out above, the only person who signed the PT 61 was the seller. Further, OCGA § 48-5-19 requires that a statutory oath be subscribed by the person making the return, i.e., the owner or his agent. No such oath or valid subscription of the owner is contained on the PT 61. *Harvey v. Kidney Ctr. &c.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994); *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985); *Gruber v. Fulton County*, 111 Ga. App. 71, 73 (1) (140 SE2d 552) (1965). Without such an oath, the return is not complete. *McLendon v. Dunlap Hardware*, 3 Ga. App. 206, 210 (1) (59 SE 718) (1907).

Further, it was not disputed by Associates that land in DeKalb County is separated into six districts containing 900 land lots. These land lots contain a total of 178,000 parcels of property. Land Lot 189, in which these three parcels were located, contained 115 parcels. The section numbers of the three parcels were not contained on the PT 61, only the district and land lot. "To accomplish the proper collection of taxes, the General Assembly has established a taxing scheme calling for all property to be returned with specificity. [Cits.] . . . The reason for these rules is obvious: if local tax officials do not know of certain property, they cannot undertake to see that it is properly and fairly taxed. [Cit.]" *Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 354 (1) (392 SE2d 881) (1990).

While the General Assembly did, for a short period, allow the real estate transfer tax form to serve as a return, that form must first contain all information required by the Code section. That the information may fulfill the transfer tax statute is not sufficient. "[T]he Real Estate Transfer Tax is not a property tax; it is an excise tax on transactions involving the sale of property. It is paid by the transferor each time he sells a parcel of real estate for the privilege of selling that particular property. The amount of the tax is based on the sales price of the property; it is not a tax on the property *as such*, as is the ad valorem tax which is charged against the owner of the property or against the specific property. [Cit.]" *City of Columbus v. Ronald A. Edwards Constr. Co.*, 155 Ga. App. 502, 503 (271 SE2d 643) (1980). See *Higdon v. Gates*, 238 Ga. 105, 107 (231 SE2d 345) (1976).

The grant of summary judgment to DeKalb County was proper. We need not consider the remaining arguments of Associates.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 17, 1995.

*Branch, Pike & Ganz, Frank O. Brown, Jr.*, for appellant.

*Jonathan A. Weintraub, Joan F. Roach, Lisa F. Stuckey,* for appellee.