A99A0616. BANKERS TRUST COMPANY v. JACKSON et al.
(512 SE2d 378)

ELDRIDGE, Judge.

This action arose below as an appeal to the Superior Court of Chatham County from final decisions of the State Revenue Commissioner denying refund claims made pursuant to OCGA § 48-6-76 for intangible recording taxes paid by Bankers Trust Company, as required by OCGA §§ 48-6-61 and 48-6-69, in order to record certain long-term notes secured by real property.

In superior court, Bankers Trust Company named as defendants the appellees, T. Jerry Jackson, Commissioner of the Georgia Department of Revenue; Susan D. Prouse, Clerk of the Superior Court of Chatham County; Carol Webb, Clerk of the Superior Court of DeKalb County; and Juanita Hicks, Clerk of the Superior Court of Fulton County, and challenged the State Revenue Commissioner's interpretation and administration of OCGA § 48-6-69, which pertains to the calculation of the intangible recording tax for nonresidents filing long-term notes secured by real property both within and without the state. The parties submitted cross-motions for summary judgment, and the trial court issued an order on September 29, 1998, upholding the State Revenue Commissioner's decision. From the superior

court's judgment, Bankers Trust Company filed a direct appeal to this Court. The appellees filed a motion to dismiss and requested that Bankers Trust Company's appeal be dismissed for failure to follow the procedure set out for discretionary appeal contained in OCGA § 5-6-35 (a) (1).

Under OCGA § 5-6-35 (a) (1), all appeals from decisions of the superior courts reviewing decisions of the Commissioner of the Department of Revenue for the State of Georgia, with the exception of cases involving ad valorem taxes, are by discretionary appeal. See, e.g., *Collins v. American Tel. &c. Co.*, 265 Ga. 37 (456 SE2d 50) (1995) (appellate review of superior court's ruling overturning an income tax ruling of the State Revenue Commissioner is by grant of a discretionary appeal); *Miles v. Collins*, 259 Ga. 536 (384 SE2d 630) (1989) (appellate review of superior court's ruling upholding a ruling of the State Revenue Commissioner on a tax assessment is by grant of a discretionary appeal); *Plantation Pipe Line Co. v. Strickland*, 249 Ga. 829 (294 SE2d 471) (1982) (discretionary review procedure must be followed where appellant sought review of a superior court's decision reviewing a Department of Revenue assessment for a deficiency in the appellant's corporate net worth taxes); *Wheeler v. Strickland*, 248 Ga. 85 (281 SE2d 556) (1981) (an appeal from superior court's review of an official Department of Revenue notice of assessment and demand for payment of sales tax must be by discretionary review). There is no statutory authority that gives an appellant a right of direct appeal from a review by the superior court of the State Revenue Commissioner's denial of a refund of an intangible recording tax. See OCGA § 48-6-60 et seq.

Bankers Trust Company makes the argument that the intangible tax imposed on long-term notes secured by real estate is an ad valorem tax imposed on the increments of value of the security instrument being recorded. However, the intangible tax imposed by OCGA § 48-6-61 is analogous to the real estate transfer tax imposed by OCGA § 48-6-1. Both are based on increments in the value of the instrument being recorded and are calculated in the same manner. At the recording of the security instrument, "[t]here is imposed on each instrument an intangible recording tax at the rate of $1.50 for each $500.00 or fraction thereof of the face amount of the note secured by the recording of the security instrument." OCGA § 48-6-61. At the recording of an instrument conveying title to real property, "[t]here is imposed a tax at the rate of $1.00 for the first $1,000.00 or fractional part of $1,000.00 and at the rate of 10 [cents] for each additional $100.00 or fractional part of $100.00 on each deed, instrument, or other writing," when the consideration or value of the property conveyed exceeds $100. OCGA § 48-6-1.

This Court has treated the real estate transfer tax as an excise

tax. " 'The Real Estate Transfer Tax is not a property tax; it is an excise tax on transactions involving the sale of property. It is paid by the transferor each time he sells a parcel of real estate for the privilege of selling that particular property. The amount of the tax is based on the sales price of the property; it is not a tax on the property *as such*, as is the ad valorem tax which is charged against the owner of the property or against the specific property. (Cit.)' *City of Columbus v. Ronald A. Edwards Constr. Co.*, 155 Ga. App. 502, 503 (271 SE2d 643) (1980). See *Higdon v. Gates*, 238 Ga. 105, 107 (231 SE2d 345) (1976)." (Emphasis in original.) *CC Office Assoc. v. DeKalb County*, 219 Ga. App. 101, 103 (464 SE2d 243) (1995).

Likewise, intangible taxes imposed on long-term notes secured by real estate are paid for the privilege of filing a document to protect the note secured by the recording of the security instrument, and the fact that it is based on the value of the property is only ancillary. It is, therefore, an excise tax and not an ad valorem tax. Since there is no specific statutory exemption allowing a direct appeal from a superior court's review of the State Revenue Commissioner's denial of a request for refund of intangible recording taxes, an appeal must be perfected by filing an application for discretionary appeal, which was not done in this case. Therefore, this direct appeal must be dismissed.

*Appeal dismissed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 16, 1999.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, James P. Robertson, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Michele M. Young, Warren R. Calvert, Assistant Attorneys General*, for appellees.