## A03A1289. COWETA COUNTY v. JACKSON.

(589 SE2d 839)

JOHNSON, Presiding Judge.

Coweta County filed this direct appeal from a decision of the superior court reviewing the decision of T. Jerry Jackson, the Commissioner of the Georgia Department of Revenue. The Commissioner has moved to dismiss this appeal because the County failed to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (1). We agree that a direct appeal cannot lie in this case, and so dismiss the appeal.

The Commissioner examines the tax digests of each county to ensure that the valuations of property for taxation purposes are reasonably uniform and equalized between counties and within counties.[1] If in reviewing a tax digest the Commissioner determines that the taxable values of property are not reasonably uniform and equalized, his approval of the digest shall be conditional.[2] A county receiving conditional approval on its tax digest may appeal the order to a state hearing officer.[3]

In July 2001, the Commissioner entered an order conditionally approving Coweta County's 2000 tax digest because it did not obtain the degree of uniformity and equalization required by law. Based on the conditional approval, the Commissioner assessed the County a fee of $91,886, which he stated represented the difference between the amount the state's levy would have produced if the digest had been at the proper assessment ratio and the amount the digest actually used will produce.[4]

The County appealed the order, requesting a hearing before the Department of Revenue. The County claimed, among other things, that it should not have been assessed a penalty for submitting a deficient tax digest when the deficiency resulted from the failure of the computer software program recommended and provided by the state. The hearing officer issued findings of fact and conclusions of law upholding the Commissioner's order in its entirety, noting that the Commissioner had no discretion under the statute either to lessen the amount of the assessment or remove it entirely.

The County then appealed the order of the administrative tribunal to the Superior Court of Coweta County. After hearing arguments, the superior court entered an order upholding the hearing officer's decision.

The County filed this direct appeal from the superior court's

[1] OCGA § 48-5-342 (a).
[2] OCGA § 48-5-344 (a).
[3] OCGA § 48-5-348.
[4] See OCGA § 48-5-345 (b).

order upholding the administrative decision. In its appeal, the County seeks to reverse the superior court's order affirming the administrative hearing officer's finding that the Commissioner had no authority to waive or abate penalties assessed against the County for failing to submit an acceptable tax digest.

The Commissioner filed a motion to dismiss the appeal, pointing out that all appeals from decisions of superior courts reviewing decisions of the Commissioner of the Department of Revenue, with the exception of cases involving ad valorem taxes, are by discretionary appeal application.[5] According to the Commissioner, the instant appeal does not involve ad valorem taxes. It is, instead, an appeal from the Commissioner's determination that the County's 2000 tax digest did not meet the requirements of OCGA § 48-5-348.

In response to the motion to dismiss, the County does not contend that this case is directly appealable because it comes within the ad valorem exception to the discretionary application rule. Instead, the County argues that the case is directly appealable because *it is not an appeal from a local administrative decision.* According to the County, it is an appeal from the finding of the hearing officer and the superior court that the Commissioner had no authority to consider the reasons the County's tax digest was not compliant, and that the Commissioner had no discretion to abate all or part of a penalty assessed the County under OCGA § 48-5-345 (b). In the words of the County, "this is not an appeal from a local administrative decision; it is instead the lack of the ability to decide that is being appealed." We disagree.

The County is clearly appealing from a superior court's review of an administrative agency's decision. The determination at issue — that the Commissioner was without authority to waive the additional state tax or penalty mandated under OCGA § 48-5-345 (b) — was a decision by the Department of Revenue. Therefore, the County was required to follow the discretionary application procedures set forth in OCGA § 5-6-35 (a) (1). Because the County failed to file an application for discretionary appeal, this Court is without jurisdiction to consider this direct appeal.

*Appeal dismissed. Eldridge and Mikell, JJ., concur.*

DECIDED NOVEMBER 6, 2003.

*Glover & Davis, Asa M. Powell, Jr., Jerry A. Conner*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy*

---

[5] OCGA § 5-6-35 (a) (1); *Bankers Trust Co. v. Jackson*, 236 Ga. App. 490, 491 (512 SE2d 378) (1999).

*Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Michele M. Young, Assistant Attorney General,* for appellee.